All right, we'll move to our next case this morning, which is Mindock v. Bruff, 20-1236. We will hear first from Ms. Daniel. Good morning, Your Honors. I'm here on behalf of Appellant Christina Bruff-Dumars, and I'd like to reserve two minutes for rebuttal, if I could. I'm also here with co-counsel Charles Dumars, who's in the room. This case is procedurally flawed and violates the due process rights of Christina. It also raises three important policy issues that go beyond this case. It raises the issue of whether there's any statute of any time limit on reforming a deed through a declaratory judgment action. And this is a question that the Colorado Supreme Court has not decided. It also raises the question whether co-tenants, such as occur in multi-member business partnerships, managing property that receive their interest through a separate chain of title, have standing to challenge a deed clause that's not enforceable against them if they are disgruntled. And thirdly, it raises a question of deed interpretation, of whether grandparents can condition a gift deed to their grandchildren to carry out their intent, that the condition is limited in duration and is not a complete prohibition on selling or partitioning the property. And this is also a question that has not been decided in Colorado. Let me ask you a question about your, let me ask you about your standing argument. I guess what is bothering me in this case is that you agreed that Matthew should be realigned in the case to be an involuntary plaintiff. So assuming that the other two plaintiffs have no standing, doesn't the district court's judgment, I mean, get to go forward at least as far as it pertains to Yes, your honor. Part of the issue. And wouldn't, and so hold on, and so let me, let me follow that up. And so wouldn't Matthew, I mean, he can, he's still in the case, he's adopted the other party's brief. I mean, he has standing to contest this deed provision, at least from a constitutional perspective. Yes, your honor. But we contend that the statute of limitations has expired on the time limit. Okay. So that's a different argument though. So we're, I mean, it sounds like you're at least as far as he's concerned conceding on the standing argument. Yes, your honor. He has standing, but the case was originally brought by plaintiffs who did not have standing and should have been dismissed at that stage. Yeah. I'd like to turn now to a little bit more about the statute of limitations, your honors. Procedurally, the court did not have jurisdiction when it ruled on the merits of the case because we contend it's barred by the seven year statute of limitations or by the two year catch-all statute of limitations. And Christina raised both of these issues in one of her first motions. And the court ruled on the merits before making the finding that no statute of limitations applies. And prior to that ruling, the court did rule that the real property statute did not apply, although we disagree with that decision. But as to the two year statute of limitations, the, after the court ruled on the merits, we asked the court to amend the order and allow an evidentiary hearing on the statute of limitations questions and standing. Counsel, could I get you to move forward to what's happened on appeal here? And I'm, in particular, I would like to know why you didn't waive your statute of limitations argument. The statute of limitations does not apply to bar a challenge like this to void conditions. And you didn't anywhere in your opening brief address that, that I could see the district court's conclusion about the statute of limitations not applying. You do eventually address it in your reply brief, but for our purposes, that's, that's a little late. And why haven't you waived this reserve that issue by challenging each of the orders that the, the court issued as well as... Well, I understand, I understand you challenged them and, and you're challenging them, but your brief doesn't address the district court's rationale. Your opening brief does not address the district court's rationale for finding that the statute of limitations doesn't apply here or isn't, isn't, we don't need to address it essentially. And so you can waive a challenge by not addressing it in your opening brief. Your Honor, in my, I believe that we haven't waived that, but if I might, could I address that statute of limitations issue at this time in terms of our position? Yeah, I'm, I'm just, I, I, I, I don't think you've answered my question, but that's fine. As far as that, the, the court finding that no statute of limitations applied, the district court relied on foreign jurisdictions, six cases that, in which the deeds or the conflated the issue of application of the statute of limitations, not applying to a void deed or contract. And as one of the cases explained it very clearly, the statute of limitations would apply in the situation where a condition in a contract was being challenged, but not... Let me ask you this. Isn't your limitations argument dependent on, on the merits? I mean, if, if we were to determine, I mean, ultimately wouldn't probably get you anywhere, but just from a, from a pure procedural standpoint, if we, if we were determined that the restrictions in this deed were void, then there is no statute of limitations. You agree with that, don't you? No, your honor, respectfully, I disagree. The statute of limitations... So you disagree that, so your position is that there can be an instrument that is void and a party may be precluded from challenging it based on statute of limitations. No, your honor, that's, that's not what I'm saying. Let me see if I can articulate it a little better. If the contract obligation is void, that does not void the whole contract. And in that instance, the statute of limitations would be applicable. But if the whole contract itself were never good at the beginning, then the statute of limitations would not apply. Does that answer? So you're... Yeah, I mean, I guess, I guess I'm looking at this more as in a challenge to a provision or to a, to a deed or an instrument, and you're analyzing it more as a, as a breach of contract case. No, your honor, it's equally applicable to a deed. In this case, the deed clause was actually what was found to be invalid by the court below. And... Okay, well, let me ask you a different, let me ask, let me, let me hypothesize, let's hypothesize here. So what if the instrument said, I give to Christina and Matthew in fetale, which we would both agree is a void deed, right? You Yes, your honor. A complete, a complete prohibition on alienation. All right. And is it your position then that there would be a limitations period that could run as to someone challenging that? If the deed itself were completely void, then the statute of limitations would not be applicable. But in this instance... Christina and Matthew with the condition that they cannot alienate the property to someone who is African American. So in that position, in that position, you only have a partial void, a provision of the deed that's void. Do you agree with that? Yes, your honor. Okay. And so in that, in that position, in that deed, is there a limitations issue? I think your honor, we would have to analyze the deed. It would raise a issue of, of constitutionally the question. Whereas in this situation, the deed clause is limited in time and duration to the lives of the, of Matthew and Christina. And here, if we look at the intent of the grantors in, in conditioning the deed in that way, looking to keep it within the family, at least during Matthew and Christina's lifetime. And so in this instance, just because the deed clause, the court determined that the deed clause was invalid, the court did that before determining the statute of limitations question. In these cases that the court cited, in each instance, the complaint was aimed at voiding the whole instrument. Whereas in this situation, the complaint was aimed at the deed clause. And so therefore the court needs to look at the jurisdictional question of whether the statute of limitations completely bars the case. And we contend that in this case it does. And then turning to the standing question, your honors. Counsel, before, before we leave all of that and didn't, didn't the Colorado Supreme Court at one point recognize the void deed exception? I'm, I'm speaking of a case called Lake Canal Reservoir versus Beath. Are you familiar with that case? Your honor, I'm not. I mean, it involved a tax deed, but, and I'll, I'll quote under our case law, deed is void and therefore not subject to the statute of limitations when the taxing entity had no jurisdiction or authority to issue the deed. I mean, I don't know, maybe, maybe you could distinguish it because it's in the tax area, but it isn't as if the Colorado courts have said nothing. Yes, your honor. But in that, I believe in that instance, as you've related it, the deed the complete deed was void, not just a clause in the deed. I guess I'm not understanding that argument, but what difference does it make? I mean, if the restrictive clause here was a restraint on alienation, that as a general rule in property law is not something you're supposed to do, then what difference does it make whether you void the restrictive clause or the deed? Well, I think there's two, two points that I would make in response to that question, your honor. First, the, the question of the statute of limitations is a jurisdictional question that you would not get to on the merits. Yeah. You've said that a couple of times now, why is, why is it jurisdictional? How can it, how can it be jurisdictional? Is it, is it an jurisdictional matter? Is it a federal jurisdictional statute? Where, where do you, what's your authority for that? Well, your honor, if, if there is no, if there is no case, if the case is barred by the statute of limitations, there is nothing for the court to hear. Well, that may be, but that doesn't make it jurisdictional, does it? Perhaps my phrasing was not the best. And then looking at the question of, of the restraint itself, I think that's the second part of your question. The restraint, there, a restraint on alienation is only prohibited if it's unreasonable. And here, that requires looking at the intent of the grantors, which can involve looking at the, definitely looking at the four corners of the deed. And it also could involve looking at extrinsic evidence. The Colorado Supreme Court as recently as 2004, 2014, excuse me, has, has determined that involving, determining the reasonableness requires looking at the nature and the extent and the duration in particular of the restraint, as well as the nature of the property interest. And that applies to gift transfers as well as, as commercial transactions. And this was the case of Atlantic Richfield. Well, counsel, as far as understanding the meaning of the restrictive condition, does anybody really dispute what the meaning is? It's, it's really a question of reasonableness, right? Yes, your honor. It's a question of reasonable. All right. And if, and if, if the meaning of the, of the restrictive clause is plain, why would there be any reason to look for extrinsic evidence? Because part of interpreting the reasonableness involves what the grantors intended, particularly in gift deeds. But if I need to repeat what I just said, if the, if the meaning of the clause is plain, then isn't that the end of the matter that you don't go to extrinsic evidence of intent? Isn't that a basic rule of contract interpretation? Well, your honor, I would say that in looking at a deed, particularly in trying to determine the reasonableness, all aspects of the deed and the intent of the grantors, which is a key point in deed interpretation. I see that I'm out of my time. If you finished your thought, I think we would end it there. If you have, if you want to complete your thought and take a couple of a few more seconds, go ahead. No, thank you, your honor. Okay. Thank you. Council. Mr. Gregory. Hey, please. The court. I am Robert Gregory appearing on behalf of the original plaintiffs and that police David Mendock and Aspen Glade limited. I'm here today asking you to affirm the order of the trial court and this matter in its entirety. I stated in judge Jackson's order, the restrictive conditions in the 2007 deed are classic unreasonable restraints on alienation. And we assert that the trial court properly declared that the restrictive conditions were void of legal effect should be stricken from the deed, thus leaving each joint tenant with a fee simple estate. And I'd first like to start by addressing the statute of limitations issue since the court has spent significant time on that matter. I guess first I'd like to state that, um, as much as I'd like to argue that the, that the appellants have waived, um, their ability to challenge the statute of limitations. I believe they actually did address that issue on page 23 of their opening brief. Um, but certainly if the court finds that they didn't properly address it, um, I certainly would, uh, um, would argue that it's been waived. Um, but with respect to the statute of limitations issue, the lower court, um, fully addressed the statute of limitations and there was nothing improper about the court, um, determining, uh, looking at the deed itself, um, determining the issues in front of it, um, and looking to whether or not there's an unreasonable restraint on alienation and then deciding, uh, whether or not the statute of limitations could apply. Um, in fact, that's only way Judge Jackson could have gotten to that, uh, conclusion. Um, so we assert that no statute of limitations applies in this matter and that unreasonable restraints on alienation are void of initio. Um, the lower court did acknowledge, um, that the 10th circuit has, has applied in this matter and board, the board of county commissioners of, uh, Luna City, New Mexico in a 2013 decision in which the court ruled, although Colorado does not yet appear, this is Judge Jackson's order. Although Colorado does not yet appear to have expressly adopted such a rule, the 10th circuit has emphasized that it is black letter law that a void contract is not a contract at all and is void of legal effect. Um, uh, the court cited to Lake Kenau Reservoir Company versus Beef, um, the Colorado Supreme Court case from 2010 and that court reasoned that it is difficult to see how the statute of limitations can avail a defendant holding a void deed. There was nothing for the statute to operate upon, nothing for it to run in favor of or against, nothing to set it in motion. So in this case, um, because we have a deed that has an entire deed clause that is void, um, there is no statute of limitations that can run, um, to allow that, um, that deed clause, um, to become operational. Um, in other words, as we stated, um, in our, uh, in our brief opposing summary judgment, the statute of limitations does not make an agreement or a clause that was void at its inception valid by the mere passage of time. This is from Riverside Syndicate, Beamer Row. Um, that's a New York case out of 2008. Um, but it, it supports the concept that if, if there's a deed restriction that unreasonably restrains alienation, that it unreasonably restrains alienation and not, it, it cannot then become, uh, reasonable by the mere passage of time. So therefore, um, it's wholly proper, um, and we assert the only conclusion that could be made by this court that a statute of limitations cannot apply. Mr. Gregory, um, I'm interested in your response to one of the arguments that was made, um, by the appellant, appellant. Ms. Dumars argues that without an applicable statute of limitations, a challenge could be filed many years down the road, let's say 50 years from now, and upset the expectancy interests of the joint tenants. Um, why isn't that a good argument? Well, I think we have to first start with the conclusion that what was granted in this deed was a fee simple estate. Um, and, uh, once that fee simple estate is vested in the grantees, um, then any unreasonable restraints cannot survive. So I guess you could consider the hypothetical whereby 50 years down the road, Matthew and Christina are still alive and, uh, Matthew conveys his interest to, um, his children, for example, without, uh, without Christina's consent. Uh, Christina then attempts to enforce the, the restrictive conditions in the deed and say to the court, uh, or attempt to quiet title, um, and say to the court, um, that Matthew has now forfeited his interest in the property. Um, it would be an unreasonable restraint, but now we're saying that Matthew has forfeited his interest. Um, we actually pointed to, this wasn't in the response brief, but it was in our, um, briefs below in opposition to summary judgment, um, that there is established case law in Colorado that, um, the statute of limitations does not apply to quiet title actions. Um, and in quiet title actions in which, um, the, uh, the party attempting to quiet title is in possession of the property. Um, so we were actually highlighting to the court that this is, um, a similar scenario where, um, both Matthew, Christina, uh, Aspen Glade and David Mendock are all in possession of the property. Nobody's being, uh, prevented possession of the property. Um, but any of those parties should have the opportunity to bring this declaratory judgment action and ask the court to interpret the deed, um, at any point in time. I'd like to ask you to clarify. I saw that you made that argument below about the quiet title action, and I guess I wasn't clear if you were analogizing this to a quiet title or if you were suggesting that this is essentially is a quiet title, uh, action, and there is some authority for essentially converting it to that or characterizing it as that. I, we were analogizing this to a quiet title action. We were asking the court to extend that, um, that analysis and that reasoning to this, to this particular issue. Could you address some of the cases that she cites, and I realize they're out of jurisdiction cases, but, but they do seem analogous. Uh, Johnson v. Gertman, the Florida case, and I think it was Feist v. Richards, a 1902 New Jersey case. These are cases where the grantor, in that case, um, conveyed the property, but with, but basically I think the consent, um, let me see, I want to think that the grantor retained the ability to, I'm sorry, let me see, in Feist it was the consent of all the grantor's children was sister. Um, so there was a somewhat of a time limit on it, but the court upheld that, uh, said the restriction was valid because it was limited in time. Don't we sort of have a similar situation here in the sense that, you know, we've at least got, uh, it's limited in time? Well, I would think that the, the, the time limitation is certainly one factor that's the reasonableness of the restraint here. Um, and the restraint being limited in duration is one of the six. Um, but I would say that, that the court below properly, um, evaluated, um, the, the practical effect on this particular restraint on alienation. Um, I don't, um, I, I can't cite for the court specifically without seeing the language in those, uh, those cases cited by, um, by the appellant, um, in support of their argument, why those, um, particular instances are different. What I can state with respect to, uh, this restraint is that it's not restrained in time, first of all, because, um, the joint tenants, uh, are essentially prohibited from severing the joint tenancy. They're prohibited from partitioning the property. So they are, it acts as an entire restraint, a complete restraint on, uh, on the alienation of, uh, of those parties, uh, for their lives. Unless they get consent of the, of their joint tenant. Correct. I would say that, um, there's no, there's no qualification on, uh, on the consent, um, and the restricted conditions. Uh, for example, one of the, um, if one of the comments or examples provided in the restatement say that, um, if, if the consent is required to be, um, you know, not unreasonably withheld or the consent itself, um, has a time limitation on it, it's possible that that could go to the reasonableness, but in this case, um, the, that's, um, you know, the likely conclusion. Um, but with respect to the time limitation, the only time limitation as judge Jackson pointed out is that one of the joint tenants are going to die first. Um, and that's when it expires. Uh, so in this case, uh, we would argue that, uh, you know, for, for the life of each of the joint tenants, this acts as a complete restraint on the alienation and thus it's unreasonable. And I believe, um, that this, that the language in this deed is, um, distinguishable from those other two cases. I'd be happy to file a 28-J letter, um, to, uh, uh, to indicate that distinction if the court would allow it. These weren't precedential. I, I just was interested in your response to, she cited a number of cases and there were a couple of them that involved. We would point, I, I would like to actually point out, um, and this might be subject of a 28-J letter as well, because we did not cite it in our response brief, but, um, within the 10th circuit, uh, the Supreme Court in New Mexico in 1988, um, did, uh, rule on a, on a pretty analogous, uh, situation in Gartley v. Ricketts. Um, and in that case, um, the New Mexico Supreme Court applied the four point, uh, the restatement section 4.2 factors and ruled that the trial court correctly reformed a deed to convey an interest in fee simple. Um, and that was a, uh, a similar case with similar restrictions in which the court, um, reformed that deed, removed the, uh, the unreasonable restraint on alienation and conveyed, uh, the interest in fee simple. Um, so we believe that there is, uh, that there is certainly case law, um, within the state of, uh, within the 10th circuit and actually within the state of Colorado, we point out that Judge Jackson, um, highlighted Atchison v. City of Englewood, um, Supreme Court case Colorado in 1969, in which this was admittedly a dicta, uh, but the court identified, uh, a rule that was commonplaced at the time, um, and, uh, the restraint, restatement, um, is clear, uh, that the practice is that, uh, that a deed can be reformed to remove the unreasonable restraint in which, uh, Atchison, the Atchison court stated, for example, A conveys land to B in fee simple with the provision that a B during his lifetime shall convey or attempt to convey it, the land shall become the property of C in fee simple. This does not violate the rule against perpetuities, but it is violative of the rule against restraints with the result that B obtains a fee simple absolute. So we would assert that the court- What is your, what is your, counsel, what is your position as to whether Colorado would adopt the, uh, part of the restatement that Ms. Dumars, uh, advances in this case? I'm sorry, Your Honor, which, which part of the restatement? I'll have to, I wrote down the number. Hang on. Is it 4.2? Is that what she relies on? Yes, I think so. Sure. Uh, yes. Well, what, the rule that Judge Jackson appeared to follow, um, in determining the reasonableness of the restraints here didn't specifically follow the restatement, but actually followed by any precedent in Colorado. Um, he followed- No, I know that. My, my question, let me, let me back you up. I think you missed my question. My question is what is your position as to whether the Colorado courts would adopt that section of the restatement? Well, I think that section of the restatement is, uh, informative and in the court's analysis of the reasonableness of a, of a restraint on alienation. Um, I, I don't believe the court has specifically adopted that as the rule. Um, uh, I don't necessarily, I, I think, I think the approach in Atlantic Ridgefield and the approach that Judge Jackson took is appropriate. I'm not sure if that quite answers your question. Okay, so you don't, but you don't, you don't think it's, you don't think the restatement is inconsistent with existing Colorado law. Is that fair? That's fair. Correct. Okay. Could I just ask on the standing issue, uh, how does invalidation of the restrictive condition afford relief or benefit to David Mindock or Aspen Glade? In other words, uh, uh, doesn't standing for them fail on the redressability element of standing? I, I don't think so, Your Honor. Um, in this case, so we think Judge Jackson was, um, was, was very on point in his order, uh, with respect to the standing issue and identifying why, um, regardless of whether or not Matthew Brough is an involuntary plaintiff, the original plaintiff in this case. And I, I consider, um, trying to look at David Mindock, who was the uncle to Christina and Matthew in this case. Uh, David is essentially this restraint on alienation because it restricts either Matthew or Christina from conveying their interests. And I see that I'm over time. Can I finish? Please do. If the court looks at the practical, um, um, result of this world, perhaps Aspen Glade Limited, but the only three people in the world, um, are essentially prohibited from taking his interest in the property. Uh, Christina and Matt are prohibited from taking interest in the property because if they did, they would be subject to forfeiture potentially. So we can't convey it to them. Aspen Glade Limited would be reluctant to take title to the property because it's been alleged by Christina and a counterclaim that Aspen Glade took title, uh, to Uncle Peter's interest. So therefore it's a complete lock on the property. It's a created a complete lock, not just respect, not just with respect to the grantees of the 2007 deed, but also with respect to the other tenants in common. So the redressability is that in the event, the court determined that the restrictive conditions clause is, is void as an unreasonable restraint on alienation. Then David and Aspen Glade are finally free, to do what they wish, um, with their interest in the property and are then free to alienate their property, which is the entire point of a feasible estate. All right. Does the panel have any further questions? All right. Well, thank you, uh, uh, to both counsel for your arguments this morning. Uh, I think you're both out of time, so we will consider the case submitted and counsel are excused.